TUCKER *v.* LISENBEE.

4-7722                                189 S. W. 2d 661

Opinion delivered October 15, 1945.

*Oscar Barnett*, for appellant.

*Gaughan, McClellan & Gaughan*, for appellee.

SMITH, J.   Appellee brought suit in ejectment to recover possession of certain lands, and for rent thereon, and for damages for timber cut and removed.   A jury was impaneled, but after all the testimony had been introduced each party asked an instructed verdict and neither asked any other instructions, whereupon, under the practice frequently approved by this court, the trial judge withdrew the submission and rendered judgment, which judgment was for the plaintiff, for the possession of the land, but awarded no damages, and from that judgment is this appeal.

All of the parties claim the land through J. S. Tucker, who conveyed to appellant, G. C. Tucker, in 1929, who mortgaged the land in 1934 to Gus Hudson.   A decree was rendered foreclosing this mortgage, and a sale thereunder was had by the commissioner appointed to make the sale, and through mesne conveyances appellee acquired that title, and this suit is based on it.

Appellant, the mortgagor, was not dispossessed, and remained in possession of the land until the institution and trial of this suit, and in his answer pleaded that he had acquired title by adverse possession.   He also alleged that the foreclosure decree was void, as having been rendered without service upon him.

It was discovered that one of the tracts of land here involved had been misdescribed in all the deeds relating

to it, beginning with the deed from J. S. Tucker to appellant, and that this misdescription appeared in the foreclosure decree, and in all the subsequent deeds. Postponement of the trial of the ejectment suit was asked until, by appropriate proceedings, this error could be corrected.

Proper suit for that purpose was filed and a decree was rendered October 2, 1944, reforming the foreclosure decree and the deeds herein referred to, all interested persons having been made parties. Among these were appellant Tucker and his wife, it being recited that they had appeared in this reformatory proceedings in person, and by attorney. This was the time when appellant should have interposed the plea, if true, that the foreclosure decree had been rendered without service, and the reformatory decree is conclusive of that question. This decree was offered in evidence.

The plea of adverse possession after foreclosure was not sustained and judgment was properly rendered for appellee and must be affirmed. It is so ordered.